UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELI'EZER RE'UEL BEN-BINYAMIN,

Plaintiff,

v.

J. BENAVIDEZ, et al.,

Defendants.

No. 2:18-cv-1015-KJM-EFB P

FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. ECF No. 1. On screening, the court found that he had stated a cognizable First Amendment freedom of religion claim against defendants Akemon, Deal, Hampton, Hanley, O'Conner, Rackley, and Ramirez (ECF No. 8). Defendants have since filed a motion to dismiss (ECF No. 18), plaintiff has filed oppositions thereto (ECF Nos. 19 & 20), and defendants have filed a reply (ECF No. 27). Additionally, plaintiff has filed a motion for preliminary injunction (ECF No. 22) and defendants have filed an opposition to that motion (ECF No. 30).

For the reasons stated hereafter, the court recommends that both motions be denied.

<u>Motion to Dismiss</u>

I. <u>Legal Standards</u>

A complaint may be dismissed under that rule for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to

1

state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

Pro se pleadings are held to a less-stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). However, the Court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

II. <u>Background</u>

Plaintiff alleges that he is a practicing Messianic Jew and, as part of his religious practice, he is required to wear "Tallit Katan/Tzitzit." ECF No. 1 at 11. The court understands the "Tallit Katan" to be an undergarment which bears fringes or "Tzitzit." *See Boles v. Neet*, 486 F.3d 1177, 1179 n.2 (10th Cir. 2007) ("Tallit katan, a hebrew expression referring to an undergarment bearing fringes or 'tzitzit,' is worn by some of the Jewish faith to fulfill the commandment appearing in the Bible at the book of Numbers, ch. 15, verse 37."). Plaintiff alleges that, between

2

2016 and 2018, defendants denied him evening and morning meals because he would not hide or tuck in his "Tallit Katan/Tzitzit." ECF No. 1 at 14.

Defendants have moved to dismiss and offer several arguments. First, they argue that plaintiff has failed to allege sufficient facts to state a claim against defendant O'Connor, Rackley, and Deal. ECF No. 18-1 at 4. Second, they argue that plaintiff's free exercise claims should be dismissed because his allegations, taken as true, fail to show that any defendant substantially burdened his religious practice. *Id.* at 5. Third and finally, defendants argue that they are entitled to qualified immunity because the right to wear a Tallit "in a manner and at all times of [a] prisoner's choosing" was not clearly established at the time of the alleged violation. *Id.* at 8.

III. <u>Analysis</u>

A. <u>Sufficiency of the Allegations Against O'Connor, Rackley, and Deal</u>

The complaint states that each of the named defendants forced plaintiff to choose between eating or concealing his "Tallit Katan/Tzitzit." ECF No. 1 at 14. Plaintiff alleges that "the act, action [was] committed by C. Ramirez [and] J. Hanley [and] was followed by K. O'Connor, (Lieutenant) R.J. Rackley, A. Akemon, C. Deal, [and] J. Hampton . . . ." *Id.* Defendants concede that, liberally construed, the complaint alleges that Ramirez and Hanley denied plaintiff meals unless he agreed to conceal his religious garment. ECF No. 18-1 at 4. They claim, however, that "the allegations that O'Connor, Rackley, and Deal 'followed' those actions is (sic) vague and does not make sense." *Id.* They argue that there must be an explicit connection or link between the actions of these defendants and some deprivation suffered by plaintiff. *Id.* The argument fails.

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court accepts all facts in the complaint as true and construes them in the light most favorable to plaintiff. *Corrie v. Caterpillar*, 503 F.3d 974, 977 (9th Cir. 2007). This includes drawing "reasonable inferences" in the plaintiff's favor. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, a reasonable inference is that O'Connor, Rackley, and Deal also personally acted to bar plaintiff from meals unless he concealed his religious garment, thereby "following" the lead or example of Ramirez and Hanley. Defendants appear to argue that such granular involvement

3

would have been unlikely for Rackley, who was the warden of Folsom State Prison at that time.[1] ECF No. 18-1 at 4. Again, however, the court accepts the allegations in the complaint as true at this stage.

### B. Substantial Burden on Religious Exercise

Defendants argue that the allegations, taken as true, fail to establish that any defendant substantially burdened plaintiff's exercise of his religion. ECF No. 18-1 at 5. Precedent instructs that "[a] person asserting a free exercise claim must show that the government action in question substantially burdens the person's practice of her religion." *Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015). "A substantial burden . . . place[s] more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Ohno v. Yasuma*, 723 F.3d 984, 1011 (9th Cir. 2013) (quoting *Guru Nanak Sikh Soc'y of Yuba City v. Cnty. of Sutter*, 456 F.3d 978, 988 (9th Cir. 2006) (internal quotation marks and alterations omitted)). Here, defendants claim that the burden was not substantial because the only requirement placed on plaintiff was to tuck in his garment when entering the dining hall. ECF No. 18-1 at 6. They compare this case to the Ninth Circuit's decision in *Navajo Nation v. U.S. Forest Service*, and state that, at most, forcing plaintiff to tuck in his garment during meals merely "decrease[d] the spirituality, the fervor, or the satisfaction" with which plaintiff practiced his religion – a limitation that the Ninth Circuit found not to constitute a substantial burden. 535 F.3d 1058, 1063 (9th Cir. 2008) ("Nevertheless, a government action that decreases the spirituality, the fervor, or the satisfaction with which a believer practices his religion is not what Congress has labeled a 'substantial burden'--a term of art chosen by Congress to be defined by reference to Supreme Court precedent--on the free exercise of religion.").

The court is, at this stage, unpersuaded. Plaintiff appears to allege that covering or hiding his tassels or "Tzitzit" as defendants demanded would have "defamed his God." ECF No. 1 at 14.

---

[1] Defendants correctly note that there is no respondeat superior liability in section 1983 actions. The complaint does not appear to explicitly pursue that theory of liability, however.

4

The court, for the purposes of this motion, accepts this belief as sincere. *See Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008) (holding that the relevant question in a free exercise claim was not whether the belief or practice in question was central to religious doctrine, but whether the claimant sincerely believed the practice was "consistent with his faith."). Thus, it necessarily rejects defendants' argument that, accepting plaintiff's allegations as true, he suffered only a decrease in religious spirituality, fervor, or satisfaction.[2]

### C. Qualified Immunity

Lastly, defendants argue that the right to wear a "Tallit Katan/Tzitzit" at all times was not clearly established during the time relevant to this suit and, thus, they are entitled to qualified immunity. ECF No. 18-1 at 8. Qualified immunity protects government officials from civil liability where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)(quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). A defendant is entitled to qualified immunity "unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions." *Id.* at 743.

The first prong is, for the reasons described in the foregoing section, met. Thus, the question is whether the right was clearly established in 2016 to 2018. To be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what [the official] is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640

---

[2] The court notes that the decision in *Navajo Nation* was handed down with the benefit of substantial fact-finding by the district court. 535 F.3d at 1063 (Noting that the district court found that "there are no plants, springs, natural resources, shrines with religious significance, or religious ceremonies that would be physically affected by the use of such artificial snow."). In fact, the Religious Freedom Restoration Act ("RFRA") claim at issue was decided after a bench trial. *Id.* at 1066 ("After an 11-day bench trial on the RFRA claim, the district court held that the proposed upgrades, including the use of recycled wastewater to make artificial snow on the Peaks, do not violate RFRA.").

(1987). This does not mean, however, that "official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in light of the pre-existing law the unlawfulness must be apparent." *Id.* Defendants' arguments on establishment of the right are appealing at first blush, but they are doomed by the absence of any cognizable penological objective in having plaintiff tuck in his religious tassels.[3] It was established, well before 2016, that prisoners retained an entitlement to exercise their religion and any impingement thereon had to be related to legitimate penological objectives. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). Absent some cognizable penological interest or objective in forcing plaintiff to hide his religious clothing – even for a short time – the court cannot dismiss on the basis of qualified immunity.

## Motion for Preliminary Injunction

Plaintiff seeks a preliminary injunction prohibiting the named defendants (and their agents) from prohibiting him from wearing his religious garment in the manner he desires (described *supra*).[4] ECF No. 22 at 1. Defendants have filed an opposition thereto. ECF No. 30. The motion should be denied for several reasons.

First, plaintiff has not established or, indeed, even addressed the required elements governing the issuance of preliminary injunctive relief. In *Winter v. Natural Resources Defense Council*, the Supreme Court held that "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." 555 U.S. 7, 20 (2008). Failure to address these elements,

/////

---

[3] To be clear, the court is not finding that no legitimate purpose existed. Rather, to the extent one did exist, it has not been identified in the complaint. "When . . . defendants assert qualified immunity in a motion to dismiss under Rule 12(b)(6), 'dismissal is not appropriate unless we can determine, based on the complaint itself, that qualified immunity applies.'" *O'Brien v. Welty*, 818 F.3d 920, 936 (9th Cir. 2016) (quoting *Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001)).

[4] He also requests that the preliminary injunction prohibit any retaliation against him based on his religious practices. ECF No. 22 at 2.

combined with the fact that a preliminary injunction is an "extraordinary and drastic remedy," *Munaf v. Geren*, 553 U.S. 674, 676 (2008), is reason alone to deny plaintiff's motion.

The foregoing omission notwithstanding, the court also finds that the arguments plaintiff *does* raise do not establish, at this juncture, the requisite elements. Indeed, they are little more than a restatement of his allegations. Thus, the court cannot conclude, for instance, that plaintiff likely to succeed on the merits. In their opposition, defendants argue that controlling attire in the prison meal halls is related to several important penological interests including: (1) deterring violence and disruptions; (2) establishing visual uniformity across inmates which assists staff in maintaining order; and (3) making it more difficult for inmates to conceal weapons or other contraband on their persons. ECF No. 30 at 6-7. The existence of these rationales for controlling inmate attire – including plaintiff's religious garment – undercuts the likelihood that he will succeed on the merits. Nor can it conclude, in the face of defendants' arguments that issues of prison safety are at stake, that the balance of equities favor plaintiff. *See Bell v. Wolfish*, 441 U.S. 520, 546 (1979) ("Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.") (citations omitted). "[A]bsent the existence of exceptional circumstances not present here, the Court will not intervene in the day-to-day management of prisons." *Lopez v. Shiesha*, No. 1:12-cv-0076-MJS (PC), 2012 U.S. Dist. LEXIS 181872, at *10 (E.D. Cal. Dec. 21, 2012) (citing *Overton v. Bazzetta*, 539 U.S. 126, 132, 123 S. Ct. 2162, 156 L. Ed. 2d 162 (2003)) (prison officials entitled to substantial deference).

Conclusion

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 18) be DENIED; and

2. Plaintiff's motion for preliminary injunction (ECF No. 22) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 13, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE