UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELI'EZER RE'UEL BEN-BINYAMIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. BENAVIDEZ, et al.,<br><br>　　　　　Defendants. | No.  2:18-cv-1015-KJM-EFB P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  He requests that the court appoint him counsel and modify the discovery and scheduling order so that appointed counsel can assist him with discovery.  ECF No. 42.

　　　　 District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff.  *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  Having considered those factors, the court finds there are no exceptional circumstances in this case.  In light of this denial,

plaintiff's motion to modify the discovery and scheduling order, which is premised on counsel being appointed for plaintiff, is denied as moot.

Accordingly, IT IS ORDERED that plaintiff's request for appointment of counsel and to modify the discovery and scheduling order (ECF No. 42) is DENIED without prejudice.

DATED: August 31, 2020.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2