1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELI'EZER RE'UEL BEN-BINYAMIN, | Case No. 2:18-cv-01015-KJM-JDP (PC) |
| Plaintiff, | ORDER THAT PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL BE DENIED |
| v. | |
| C. RAMIREZ, *et al.*, | FINDINGS AND RECOMMENDATIONS THAT: |
| Defendants. | DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED |
| | PLAINTIFF'S MOTION FOR CONTINUANCE BE DENIED |
| | PLAINTIFF'S MOTION TO AMEND COMPLAINT BE DENIED |
| | OBJECTIONS DUE IN 14 DAYS |
| | ECF Nos. 47, 51, & 53 |

Eli'ezer Re'uel Ben-Binyamin ("plaintiff"), a state prisoner without counsel, filed this section 1983 action alleging that defendants D. Akemon, C. Deal, J. Hampton, J. Hanley, K. O'Conner, R.J. Rackley, and C. Ramirez violated his First Amendment right to freely practice his religion. He states that he is a Messianic Jew and his religion requires him to wear a fringed

1

undergarment known as a "Tallit Katan" or "Tzitzit."[1]  Defendants have filed a motion for partial summary judgment arguing that plaintiff failed to exhaust his administrative remedies for all claims except those relevant to defendant Akemon's actions on August 29, 2016 and defendants Ramirez and Hanley's actions on September 11, 2017.  Plaintiff has filed an opposition to the motion, ECF No. 49, and defendants have filed a reply, ECF No. 50.  Defendants' motion should be granted.

Additionally, plaintiff has filed two motions of his own, one for a continuance pursuant to Fed. R. Civ. P. 56(d) and another to amend his complaint.  ECF Nos. 51 & 53.  I will address these motions first and recommend denying both.

**Motion for Continuance**

Plaintiff's motion for continuance is three hundred and thirty-six pages long and comprised almost entirely of uncontextualized exhibits.  At the beginning of the motion, plaintiff does argue that he is waiting for a declaration from Rabbi Richard Chaimberlin of Rochester, New York that will "support facts material to this action."  ECF No. 51 at 1.  He asks that I recommend denial of defendants' summary judgment motion so that he can have more time to obtain this declaration.  *Id.*  Under Rule 56(d), a party opposing a motion for summary judgment may request an order deferring consideration of the motion and permitting the party to conduct additional discovery.  The rule requires the moving party to describe "the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).  Defendants' motion does not reach the substance of plaintiff's claims.  It argues only that he did not administratively exhaust claims against certain defendants.  Rabbi Chaimberlin could have insight into the importance of the Tzitzit to plaintiff's religious practice, but he cannot speak to whether plaintiff administratively exhausted his claims.

---

[1] The Tenth Circuit described such clothing as "an undergarment bearing fringes or 'tzitzit,' . . . worn by some of the Jewish faith to fulfill the commandment appearing in the Bible at the book of Numbers, ch. 15, verse 37." *See Boles v. Neet*, 486 F.3d 1177, 1179 n.2 (10th Cir. 2007).

2

1    The rest of plaintiff's motion is devoted to requesting appointment of counsel and alleging
2 that prison officials have interfered with his mail. ECF No. 51 at 3-7. I deny appointment of
3 counsel for the same reasons given by Judge Brennan in his August 31, 2020 order. ECF No. 43.
4 Plaintiff's mail claims are best addressed in a separate action. As defendants point out, plaintiff's
5 motion does not make any specific, mail-related allegations against any of them. ECF No. 52 at
6 2. The current action is ill-suited to examine whether other prison officials interfered with
7 plaintiff's mail and whether any such interference violated his constitutional rights. If mail
8 problems impede plaintiff's ability to get declarations that are relevant to a future motion, I will
9 consider a request for a reasonable extension of time. However, plaintiff has not described how
10 his alleged mail problems have prevented him from opposing the current motion.
11    This motion should be denied.

**Motion to Amend**

13    Plaintiff seeks leave to amend his complaint to add four defendants and claims for
14 violation of the Health Insurance Portability and Accountability Act and the Privacy Act of 1974.
15 ECF No. 53 at 1-2, 4. I recommend denying this motion. The scheduling order set a deadline of
16 August 21, 2020 for filing any motion to amend. ECF No. 38 at 4. Plaintiff is nearly five months
17 late. Plaintiff has also violated the scheduling order by failing to include a copy of his proposed
18 amended complaint. And plaintiff has offered no justification for his delay. This action was filed
19 in April 2018, ECF No. 1, and discovery has been open since April 2020, ECF No. 38. I
20 recommend that this motion be denied.

**Motion for Summary Judgment**

**A.    Legal Standards**

**1.    Summary Judgment Standard**

24    Summary judgment is appropriate where there is "no genuine dispute as to any material
25 fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington*
26 *Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). An issue of fact is genuine
27 only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party,
28 while a fact is material if it "might affect the outcome of the suit under the governing law."

3

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

Rule 56 allows a court to grant summary adjudication, also known as partial summary judgment, when there is no genuine issue of material fact as to a claim or a portion of that claim. *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks and citation omitted). The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same. *See* Fed. R. Civ. P. 56 (a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

Each party's position must be supported by (1) citations to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) argument showing that the materials cited do not establish the presence or absence of a genuine factual dispute or that the opposing party cannot produce admissible evidence to support its position. *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The court may consider other materials in the record not cited to by the parties, but it is not required to do so. *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets this initial burden, the burden then shifts to the non-moving party "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (citing *Celotex Corp.,* 477 U.S. at 323). The non-moving party must "show more than the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). However, the non-moving party is not required to establish a material

4

issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

The court must apply standards consistent with Rule 56 to determine whether the moving party has demonstrated there to be no genuine issue of material fact and that judgment is appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." *Manley v. Rowley,* 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted). The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

## 2. Exhaustion Requirements

Under the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This statutory exhaustion requirement "applies to all inmate suits about prison life," *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). Unexhausted claims require dismissal. *See Jones v. Bock*, 549 U.S. 199, 211 (2007).

A prison's own grievance process, not the PLRA, determines how detailed a grievance must be to satisfy the PLRA exhaustion requirement. *Id.* at 218. When a prison's grievance procedures do not specify the requisite level of detail, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (internal quotation marks omitted). "The grievance 'need not include legal terminology or legal theories,' because '[t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation.'" *Reyes v. Smith*, 810 F.3d 654, 659 (9th Cir. 2016) (quoting *Griffin*, 557 F.3d at 1120).

1    The PLRA recognizes no exception to the exhaustion requirement, and the court may not
2 recognize a new exception, even in "special circumstances." *Ross v. Blake*, 136 S. Ct. 1850, 1862
3 (2016). The one significant qualifier is that "the remedies must indeed be 'available' to the
4 prisoner." *Id.* at 1856. The Supreme Court has explained when an administrative procedure is
5 unavailable:

> [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates . . . . Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use . . . . And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation . . . . [S]uch interference with an inmate's pursuit of relief renders the administrative process unavailable. And then, once again, § 1997e(a) poses no bar.

13 *Id.* at 1859-60 (citations omitted); *see also Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir.
14 2017) ("When prison officials improperly fail to process a prisoner's grievance, the prisoner is
15 deemed to have exhausted available administrative remedies.").

16    If the court concludes that plaintiff has failed to exhaust available remedies, the proper
17 remedy is dismissal without prejudice of the portions of the complaint barred by § 1997e(a). *See*
18 *Jones*, 549 U.S. at 223-24; *Lira v. Herrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

19    **B.    Analysis**

20    Plaintiff alleges that defendants violated his First Amendment rights when, on various
21 occasions between 2016 and 2018, they denied him entrance to the dining hall after he refused
22 their orders to tuck his Tzitzit into his pants. ECF No. 1 at 11. Defendants argue that, during this
23 time, plaintiff submitted sixteen administrative grievances, see ECF No. 47-3 at 1, only two of
24 which—numbers FSP-16-00969 and FSP-17-01100—addressed issues related to this suit, see *id.*
25 at 1-2. Those grievances exhaust a claim that defendant Akemon denied plaintiff entrance to the
26 dining hall because of his Tzitzit on August 29, 2016 and a claim that defendants Ramirez and
27 Hanley did the same on September 11, 2017. ECF No. 47-3 at 1-2. Defendants argue that all
28 other claims should be dismissed as unexhausted.

6

1     Plaintiff's opposition mostly ignores the issue of exhaustion, focusing instead on the
2 merits of his religious freedom claims. ECF No. 49 at 1-5. As defendants point out in their reply,
3 the merits of plaintiff's claims are not at issue here. Plaintiff does reference another grievance—
4 FSP-17-01047—but I do not understand his argument as to its relevance. *Id.* at 6-7. He states
5 that FSP-17-01047 was rejected "for time constraints" and does not argue that it should be
6 considered exhausted. *Id.* at 6. Instead, he argues that exhaustion was not required because this
7 grievance addresses issues raised and exhausted separately in FSP-17-01100. *Id.* at 7. Indeed,
8 both grievances raise the same claim that defendants Hanley and Ramirez ordered plaintiff to tuck
9 in his Tzitzit in order to gain entrance to the dining hall on September 11, 2017. *Id.* at 43-45. But
10 the existence of a redundant grievance does nothing to detract from defendants' argument that
11 plaintiff's *other* claims are unexhausted.

12     Plaintiff also states that "[a]ll grievances have a supervisory connection that has a well
13 established casual connection that also include[s] policies and customs." *Id.* If he is arguing that
14 his grievances should be read to include unnamed defendants or unreferenced issues, he is
15 incorrect. As noted above, it is the prison's own administrative process that determines what a
16 grievance must contain. CDCR regulations during the relevant period required inmates to list all
17 staff involved and to describe their involvement. Cal. Code Regs., tit. 15, §§ 3084.2(a)(1)-(4).

18     Turning to the two grievances that the parties agree were exhausted and relevant to this
19 action, I find that defendants' characterization of their content is accurate. FSP-16-00969 alleges
20 that, on August 29, 2016, defendant Akemon refused plaintiff entry to the dining hall unless he
21 removed his Tzitzit. ECF No. 47-5 at 49-51. This grievance also includes allegations against a
22 correctional officer named Vickery, but that individual is not named as a defendant. FSP-17-
23 01100 alleges that defendants Ramirez and Hanley did the same on September 11, 2017. *Id.* at
24 91-94. Only the claims identified in these two grievances should proceed.

25     It is ordered that plaintiff's request for appointment of counsel contained in ECF No. 51 is
26 denied.

27     Further, it is recommended that:

28

1.     defendants' motion for summary judgment, ECF No. 47, be granted and all claims other than those against defendant Akemon arising out of the incident on August 29, 2016 and those against Ramirez and Hanley arising out of the incident on September 11, 2017 be dismissed without prejudice as unexhausted;

2.     plaintiff's motion for continuance, ECF No. 51, be denied; and

3.     plaintiff's motion to amend, ECF No. 53, be denied.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    February 16, 2021                           /s/ Jeremy Peterson
                                                        JEREMY D. PETERSON
                                                        UNITED STATES MAGISTRATE JUDGE